CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 29 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL W. MILLER, | )<br>) |
| Petitioner, | ) Case No. 7:10CV00430<br>) |
| v. | )<br>) MEMORANDUM OPINION<br>) |
| GENE JOHNSON, | ) By: Glen E. Conrad<br>) Chief United States District Judge |
| Respondent. | ) |

Petitioner Michael W. Miller, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] In his petition, Miller challenges the validity of his confinement pursuant to the 2004 judgment of the Circuit Court for Page County, Virginia under which he stands convicted of multiple sex offenses. Upon review of the record, the court finds that the petition must be dismissed as successive.

Court records indicate that Miller previously filed a § 2254 petition concerning the same conviction, Case No. 7:06CV00611, which was dismissed by memorandum opinion and order entered June 12, 2007, and Miller's subsequent appeal was dismissed. See Miller v. Johnson, Case No. 7:06CV00611 (W.D. Va. June 12, 2007), appeal dism'd, 266 Fed. App'x 294 (4th Cir. 2008). Thus, Miller's current petition is a subsequent one, falling under the prohibition against second or successive petitions in 28 U.S.C. § 2244(b). Pursuant to this section, a federal district

---

[1] Miller submitted his pleadings initially in Case No. 7:06CV00611, purportedly seeking relief under Fed. R. Civ. P. 60(b) from the judgment entered in that habeas case, as well as relief from Miller's state criminal conviction and the state court judgment denying habeas relief. The court determined that Miller's motions did not actually raise arguments cognizable under Rule 60(b), and directed that the motions be construed and filed, jointly, as a new petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b). Miller has not submitted any evidence that he has obtained such certification by the Court of Appeals. Accordingly, the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 28th day of September, 2010.

_____
Chief United States District Judge